# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NORMAN IVORY, | | CASE NO. 1:09-cv-01272-GSA PC |
| | Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, DENYING MOTION FOR PRELIMINARY INJUNCTION, AND DENYING MOTION FOR APPOINTMENT OF THE MARSHAL |
| | v. | |
| JAMES E. TILTON, et al., | | |
| | Defendants. | (Docs. 5, 6, and 13) |

Plaintiff Norman Ivory, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 20, 2009. On July 31, 2009, Plaintiff filed a motion seeking the appointment of counsel and a motion seeking the issuance of a preliminary injunction. On November 23, 2009, Plaintiff filed a motion seeking the appointment of the United States Marshal to serve his complaint.

**I.     Motion for Appointment of Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

1 "exceptional circumstances exist, the district court must evaluate both the likelihood of success of
2 the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity
3 of the legal issues involved." Id. (internal quotation marks and citations omitted).

4     In the present case, the Court does not find the required exceptional circumstances. Even if
5 it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations
6 which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with
7 similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a
8 determination that Plaintiff is likely to succeed on the merits, and based on a review of the record
9 in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.
10 Therefore, Plaintiff's motion is denied.

11 **II.     Motion for Issuance of Preliminary Injunction**

12     This action involves the alleged violation of Plaintiff's rights while he was housed at Avenal
13 State Prison (ASP) in 2008 and 2009. At the time Plaintiff filed his motion, he was housed at
14 California State Prison-Corcoran (CSP-Corcoran), and Plaintiff sought an order prohibiting
15 Defendants from subjecting him to unconstitutional conditions of confinement.

16     It is the past conduct of the defendants at ASP which gives rise to Plaintiff's claims for relief
17 in this action. The Court does not have jurisdiction over prison officials at CSP-Corcoran and
18 cannot, in this action, issue any orders directed at remedying his conditions of confinement there.
19 City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge
20 Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct.
21 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). Further,
22 Plaintiff is no longer housed at CSP-Corcoran. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001);
23 Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.
24 1991). Therefore, Plaintiff's motion is denied as moot and because it seeks relief which cannot be
25 awarded in this action notwithstanding his transfer from CSP-Corcoran to the Los Angeles County
26 Jail.
27 ///
28 ///

### III. Motion for Appointment of Marshal

Plaintiff is proceeding in forma pauperis and therefore entitled to rely on the Marshal to serve his complaint for him. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). Therefore, to the extent that Plaintiff is merely seeking the appointment of the Marshal, his motion is moot and is denied.

To the extent that Plaintiff is seeking service of the complaint at this time, Plaintiff's motion is denied. The Court has screened Plaintiff's complaint and ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the two claims found to be cognizable by the Court. Service of the complaint will be appropriate once the issue of which claims are going forward and which are not is resolved, be that through the screening of an amended complaint yet to be filed or following Plaintiff's notice of willingness to proceed only on the two cognizable claims in his complaint.

### IV. Order

As set forth herein, it is HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, filed July 31, 2009, is DENIED;
2. Plaintiff's motion for the issuance of a preliminary injunction, filed July 31, 2009, is DENIED; and
3. Plaintiff's motion for appointment of the Marshal to serve his complaint, filed November 23, 2009, is DENIED.

IT IS SO ORDERED.

Dated: **January 8, 2010**         /s/ **Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE