IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN IVORY,<br><br>                    Plaintiff,<br><br>     vs.<br><br>JAMES E. TILTON, et al.,<br><br>                    Defendants.<br>                                                            / | 1:09-cv-01272-GSA-PC<br><br>ORDER FOR THIS ACTION TO PROCEED ONLY AGAINST DEFENDANT MERAZ FOR EXCESSIVE FORCE, AND DEFENDANT SEXTON FOR RETALIATION, AND DISMISSING ALL OTHER CLAIMS AND DEFENDANTS |

Plaintiff Norman Ivory ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on July 20, 2009, against defendants James E. Tilton, James Hartley, Rosemary Ndoh, M.V. Sexton, A. Valdez, M.D. Foucht, S. Meraz, and Does 1-9, for the violation of Plaintiff's rights while he was housed at Avenal State Prison in 2008 and 2009. (Doc. 1.) On July 31, 2009, Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1), and no other parties have made an appearance. (Doc. 4.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On January 8, 2010, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found that it states cognizable claims for relief under section 1983 against defendant C/O S. Meraz for

1

excessive force in violation of the Eighth Amendment, and defendant Captain M. V. Sexton for retaliation in violation of the First Amendment. (Doc. 15.) Plaintiff was given leave to either file a first amended complaint, or in the alternative, to notify the Court that he does not wish to file a first amended complaint and instead wishes to proceed only on the claims identified by the Court as viable/cognizable in the Court's order. Id.  On August 9, 2010, Plaintiff filed written notice to the Court that he wishes to proceed only on the claims found cognizable by the Court.  (Doc. 28.)

Based on the foregoing, it is HEREBY ORDERED that:

1. This action now proceeds only against defendant C/O S. Meraz for excessive force in violation of the Eighth Amendment, and defendant Captain M. V. Sexton for retaliation in violation of the First Amendment;

2. All remaining claims and defendants are dismissed from this action;

3. Plaintiff's claims under the Religious Land Use and Institutionalized Persons Act of 2000, and claims for due process, for excessive force against defendants Valdez and Foucht, for verbal harassment, for mishandling of property, for placement in Administrative Segregation, and for denial of breakfast, are dismissed based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983;

4. Defendants Tilton, Hartley, Ndoh, Valdez, Foucht, and Does 1-9, are dismissed based on Plaintiff's failure to state any claims upon which relief can be granted against them under section 1983; and

5. The Clerk is directed to reflect the dismissal of defendants Tilton, Hartley, Ndoh, Valdez, and Foucht on the Court's docket.

IT IS SO ORDERED.

Dated:   **August 23, 2010**            /s/ **Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE