1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN IVORY, | 1:09-cv-01272-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT |
| v. | SEXTON'S MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED |
| JAMES E. TILTON, et al., | (Doc. 44.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |
| _____/ | |

## I.    BACKGROUND

Norman Ivory ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated at Pleasant Valley State Prison in Coalinga, California.  The events at issue allegedly occurred at Avenal State Prison ("ASP") in Avenal, California, while Plaintiff was incarcerated there.  This action now proceeds on Plaintiff's original Complaint filed on July 20, 2009, against defendant Correctional Officer S. Meraz for use of excessive force in violation of the Eighth Amendment, and defendant Captain M. V. Sexton for retaliation in violation of the First Amendment.[1]  (Doc. 1.)  On May 27, 2011, defendant Sexton ("Defendant") filed a motion to dismiss the claims against him for failure to exhaust administrative

_____

[1]On August 23, 2010, the Court dismissed all other claims and defendants from this action, based on Plaintiff's failure to state a claim under § 1983.  (Doc. 30.)

1  remedies before filing suit, and for failure to state a claim upon which relief may be granted against

2  him. (Doc. 44.) On June 24, 2011, Plaintiff filed an opposition to the motion.[2] (Doc. 57.) On July

3  1, 2011, Defendant filed a reply to Plaintiff's opposition. (Doc. 58.) Defendant's motion to dismiss

4  is now before the Court.

5  **II.   STATUTORY EXHAUSTION REQUIREMENT**

6      Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall

7  be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by

8  a prisoner confined in any jail, prison, or other correctional facility until such administrative

9  remedies as are available are exhausted."   Prisoners are required to exhaust the available

10  administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19

11  (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).   Exhaustion is required

12  regardless of the relief sought by the prisoner and regardless of the relief offered by the process,

13  Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies

14  to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

15      Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

16  defense under which Defendant has the burden of raising and proving the absence of exhaustion.

17  Jones, 549 U.S. at 216, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

18  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an

19  unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d at 1119

20  (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998)

21  (per curium)).   In deciding a motion to dismiss for failure to exhaust administrative remedies, the

22  Court may look beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-

23  20.  If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper

24  remedy is dismissal without prejudice.  Id.

25  ///

26  ///

27

28      [2]Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on January 5, 2011.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003); Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998).  (Doc. 34.)

III.    **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff was a state prisoner at ASP at the time of the events at issue, and defendant Sexton was a Correctional Captain employed at ASP. Plaintiff alleges as follows in the Complaint.[3] Plaintiff alleges a pattern of harassment following his attempt to informally resolve prison officials' failure to comply with the minimum standards for the Jewish Kosher Meal Program, and his submission of a group appeal on the issue. Further, Plaintiff alleges harsh treatment by Officers Valdez, Foucht, and Meraz on January 27, 2009, after he was transferred to Facility 6 following the submission of the group appeal. Plaintiff alleges that immediately prior to his transport to administrative segregation, he overheard Defendant Sexton telling Officers Valdez and Foucht that this ought to teach Plaintiff about challenging them with all of those appeals, and that Plaintiff was lucky they did not kick his teeth in.

IV.    **MOTION TO DISMISS FOR FAILURE TO EXHAUST**

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (West 2009). The process is initiated by submitting a CDCR Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311 F.3d at 1199-1201.

***Defendant's Motion***

Defendant Sexton argues that Plaintiff's claims against him should be dismissed from this action because Plaintiff failed to exhaust his administrative remedies with regard to Plaintiff's claims against Defendant. Defendant submits evidence that ASP has no record of Plaintiff submitting an

---

[3]This summary contains the allegations in the Complaint against defendant Sexton and the claims found cognizable by the Court, upon which this case now proceeds, along with background information.

administrative appeal in 2008 or 2009 claiming that his placement in administrative segregation was the result of retaliation by Defendant or any other prison official.  (Declaration of N. Lopez, Doc. 44-2 at ¶¶4, 5.)  N. Lopez, Appeals Coordinator at ASP, declares that he reviewed the record of appeals filed by Plaintiff in 2008 and 2009 at ASP, and the records of Plaintiff's appeals screened out in 2008 and 2009 at ASP, and none of the appeals contended that Plaintiff's placement in administrative segregation was retaliatory.  Id.

### *Plaintiff's Opposition*

The Court looks to Plaintiff's opposition filed on June 24, 2011, and Plaintiff's Complaint filed on July 20, 2009.[4]  In the Complaint, Plaintiff declares that he has filed numerous appeals relevant to the defendants' conduct.  Plaintiff refers to Appeal Log Number 08-02880, "denied by Defendant on April 29, 2009," which he asserts is attached as Exhibit A to the Complaint. (Complaint, Doc. 1 at 9 ¶19.)

In his unverified opposition, Plaintiff asserts that he filed an administrative appeal against the defendants to this action complaining about the conditions and actions leading to the present lawsuit.  Plaintiff asserts that he did not use Defendant Sexton's name in the appeal because he did not discover Sexton's name until after the 15-day deadline to file the appeal had passed.  Plaintiff claims that at least two of his appeals concerning the claims in this action were completed through the Director's Level of review, giving the defendants fair notice of his claims against them.  Plaintiff also asserts that he was placed  in administrative segregation without a pencil or pen, and that he was under extreme duress because immediately after Plaintiff was placed in administrative segregation, his fiancee suffered an untimely death.

### *Defendant's Reply*

Defendant replies that Plaintiff's claim that he exhausted his remedies by filing an administrative appeal is nothing more than vague assertions and non-specific allegations which did not place the prison on notice that any prison official had approved Plaintiff's placement in

---

[4]In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  Plaintiff signed the Complaint under penalty of perjury.  (Doc. 1 at 16, 19.)  Therefore, Plaintiff's opposition to the motion to dismiss is based in part on the evidence in his verified Complaint and its accompanying exhibits. However, Plaintiff's opposition is not verified and therefore does not contain admissible evidence.

4

administrative segregation out of retaliatory motives. Defendant argues that Plaintiff has presented no evidence that Plaintiff ever filed an administrative appeal claiming any retaliation against Plaintiff, other than by Officer Meraz writing a false report.

### *Discussion*

Plaintiff's complaint against Defendant Sexton is based on the allegations that on January 27, 2009, he was subjected to harsh treatment by Officers Valdez, Foucht, and Meraz, after he was transferred to Facility 6 following the submission of a group appeal, and just before Plaintiff was taken to administrative segregation, Defendant Sexton told Officers Valdez and Foucht that this ought to teach Plaintiff about challenging them with all of those appeals, and that Plaintiff was lucky they did not kick his teeth in. Thus, Plaintiff claims that Defendant Sexton retaliated against him for filing appeals by housing him in administrative segregation.

Plaintiff claims that he exhausted his administrative remedies with regard to his claims against Defendant Sexton with his appeal Log Number 08-02880. However, Plaintiff fails to submit any evidence to support this claim. In the Complaint, Plaintiff refers to Exhibit A which he asserts is a copy of the appeal; however, Plaintiff's exhibits to the Complaint do not contain copies of any appeals. Plaintiff also fails to submit any documentary evidence with his opposition. If any of Plaintiff's appeals were completed to the Director's Level, he would have received copies of the Director's Level response. The Court must concur with defendant that Plaintiff has not presented evidence that he submitted any prison appeal in 2009 complaining that Defendant Sexton or any prison official retaliated against him by placing him in administrative segregation. Therefore, Defendant Sexton is entitled to dismissal of the claims against him in this action.

## V.   MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant Sexton also argues that Plaintiff's claims against him should be dismissed for failure to state a claim upon which relief may be granted under § 1983. Based on the Court's finding that Plaintiff did not exhaust the available administrative remedies for his claims against Defendant Sexton prior to filing suit, the Court need not reach Defendant's other arguments and elects not to do so. See Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 534 (7th Cir. 1999) (vacating judgment and remanding with instructions to dismiss for failure to exhaust in case where district court granted

summary judgment to defendants on the merits and did not rule on their pending motion for dismissal based on failure to exhaust).

## VI.   CONCLUSION AND RECOMMENDATION

Defendant Sexton has met his burden of demonstrating that Plaintiff failed to exhaust his remedies with regard to Plaintiff's allegations against Defendant Sexton prior to filing suit, in compliance with § 1997e(a).  Defendant has shown an absence in the official records of any evidence that Plaintiff filed an inmate appeal pursuant to Title 15 of the California Code of Regulations § 3084.1, et seq., concerning his allegations in the complaint against Defendant Sexton in this action. Plaintiff has not submitted evidence of any appeals that satisfy the exhaustion requirement, nor has Plaintiff submitted evidence that he exhausted all of the remedies available to him.  Therefore, the Court HEREBY RECOMMENDS that Defendant Sexton's motion to dismiss, filed May 27, 2011, be GRANTED, and the claims against Defendant Sexton in this action be DISMISSED, based on Plaintiff's failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1).  Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:**    **January 24, 2012**                    **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE

6