```
                    IN THE UNITED STATES DISTRICT COURT

                   FOR THE EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| NORMAN IVORY, | 1:09-cv-01272-AWI-GSA-PC |
|     Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
|     vs. | (Doc. 75.) |
| JAMES E. TILTON, et al., | ORDER GRANTING DEFENDANT SEXTON'S MOTION TO DISMISS |
|     Defendants. | (Doc. 44.) |
| | ORDER DISMISSING DEFENDANT SEXTON FROM THIS ACTION BASED ON PLAINTIFF'S FAILURE TO EXHAUST REMEDIES |
| | ORDER FOR THIS ACTION TO PROCEED AGAINST DEFENDANT MERAZ ONLY FOR USE OF EXCESSIVE FORCE |

Norman Ivory ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This action proceeds on Plaintiff's original Complaint filed on July 20, 2009, against Correctional Officer S. Meraz for use of excessive force in violation of the Eighth Amendment, and defendant Captain M. V. Sexton for retaliation in violation of the First Amendment.[1]  (Doc. 1.)

On January 24, 2012, findings and recommendations were entered, recommending that defendant Sexton's motion to dismiss be granted based on Plaintiff's failure to exhaust remedies for

---

[1] On August 23, 2010, the Court dismissed all other claims and defendants from this action, based on Plaintiff's failure to state a claim under § 1983. (Doc. 30.)

1

1  the claims against defendant Sexton.  (Doc. 75.)  On February 1, 2012, Plaintiff filed objections to
2  the findings and recommendations.  (Doc. 77.)

3      In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this
4  Court has conducted a de novo review of this case.  Having carefully reviewed the entire file,
5  including Plaintiff's objections, the Court finds the findings and recommendations to be supported by
6  the record and proper analysis.

7      In his objections, Plaintiff submits evidence of two prison appeals which he appealed to the
8  Third or Director's Level of Review, log numbers ASP-08-02880 and ASP-09-00382.  Plaintiff
9  argues that because these two appeals concerned his allegations of retaliation, Plaintiff exhausted his
10 remedies with regard to defendant Sexton.  Plaintiff asserts that he did not specifically name
11 defendant Sexton in the appeals, as he did not know the defendant's name until after he filed the
12 appeals.

13     Plaintiff's evidence does not support his argument.  In Appeal ASP-08-02880, initially
14 submitted to the Informal Level on October 9, 2008, Plaintiff complained that he was not being
15 served Kosher meals and that he was being harassed by prison officials because of Anti-Semitism.
16 (Objections, Doc. 77 at 9.)  Plaintiff's only requests in the appeal were (1) an audit of the
17 Jewish/Kosher meal program, (2) that the food manager issue more whole raw vegetables and fruit,
18 and (3) an end to Anti-Semitic hostility.  Id.  While Plaintiff does mention, in his appeal to the Third
19 Level of Review, that on January 27, 2009 he was attacked and harassed in "a direct reprisal for a
20 602/Appeal/Staff Complaint ... which I filed one week prior on January 19, 2009," id. at 13, these
21 complaints were not incorporated as part of the appeal and were not addressed in the Director's Level
22 Review except for a statement that "[t]he reviewer determined that the appellant added additional
23 appeal issues ... and those issues would not be addressed as it is inappropriate to expand the issues
24 from the original appeal." Id. at 7.  Thus, Plaintiff's Appeal ASP-08-02880 did not exhaust his
25 remedies with regard to his allegations against defendant Sexton.

26     In Appeal ASP-09-00382, Plaintiff complains that his property was destroyed by Officers
27 Holzboog and Meraz, and that he was placed in administrative segregation out of retaliation.  Id. at

28

18-20. This appeal was not decided at the Director's Level of Review until August 21, 2009, <u>after</u> Plaintiff filed the Complaint initiating this action on July 20, 2009.  Thus, Plaintiff's Appeal ASP-09-00382 did not exhaust his remedies prior to filing suit.  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  <u>Jones v. Bock</u>, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on January 24, 2012, are adopted in full;
2. Defendant Sexton's motion to dismiss, filed on May 27, 2011, is GRANTED;
3. Defendant Sexton is DISMISSED from this action, based on Plaintiff's failure to exhaust administrative remedies before filing suit;
4. This action now proceeds against defendant Meraz only, for use of excessive force in violation of the Eighth Amendment; and
5. The Clerk of Court is directed to reflect the dismissal of defendant Sexton from this action on the court's docket.

IT IS SO ORDERED.

Dated:     March 23, 2012                                                                                              
                                                                                              CHIEF UNITED STATES DISTRICT JUDGE