# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN IVORY,<br><br>    Plaintiff,<br><br>    vs.<br><br>JAMES E. TILTON, et al.,<br><br>    Defendants. | 1:09-cv-01272-AWI-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION<br>(Doc. 82, 83.) |

## I.    BACKGROUND

Norman Ivory ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's original Complaint filed on July 20, 2009, against Correctional Officer S. Meraz for use of excessive force in violation of the Eighth Amendment.  (Doc. 1.)

On March 23, 2012, the Court granted defendant Sexton's motion to dismiss and dismissed defendant Sexton from this action, based on Plaintiff's failure to exhaust remedies for the claims against him.  (Doc. 79.)  On April 17, 2012 and April 20, 2012, Plaintiff filed motions for reconsideration of the order dismissing defendant Sexton.  (Doc. 82, 83.)

## II.    MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must

demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff argues that the Court should reconsider its decision because Plaintiff forgot to assert, in his opposition to defendant Sexton's motion to dismiss, that prison officials failed to follow their own practice, customs, and policies in the processing his prison appeal.  Motions for reconsideration are not the place for parties to make new arguments not raised in their original briefs. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988).  Plaintiff has not demonstrated that the Court committed clear error, or presented the Court with new information of a strongly convincing nature, to induce the Court to reverse its prior decision.  Therefore, the motions for reconsideration shall be denied.

**III.  CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motions for reconsideration, filed on April 17, 2012 and April 20, 2012, are DENIED.

IT IS SO ORDERED.

Dated:   May 9, 2012

CHIEF UNITED STATES DISTRICT JUDGE

2