1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NORMAN IVORY, | | 1:09-cv-01272-AWI-GSA-PC |
| | Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED |
| v. | | |
| JAMES E. TILTON, et al., | | (Doc. 65.) |
| | Defendants. | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |
| _____/ | | |

## I.    BACKGROUND

Plaintiff, Norman Ivory ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  This action now proceeds on the original Complaint filed by Plaintiff on July 20, 2009, against defendants Correctional Officer S. Meraz for use of excessive force in violation of the Eighth Amendment, and Correctional Captain M. V. Sexton for retaliation in violation of the First Amendment.[1]  (Doc. 1.)  Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California.

On September 1, 2011, Plaintiff filed a motion for a preliminary injunction and a temporary restraining order, via a court order directing prison officials at Pleasant Valley State Prison ("PVSP")

_____

[1] All other claims and defendants were dismissed from this action by the Court on August 23, 2010, based on Plaintiff's failure to state a claim.  (Doc. 30.)

1

to transfer him to either Richard J. Donovan Correctional Facility in San Diego, California, California Medical Facility in Vacaville, California, or California Mens Colony in San Luis Obispo, California, because of health concerns. (Doc. 65.) Plaintiff also requests the Court to order prison officials to refrain from harassment, retaliation, and obstruction of justice against Plaintiff. Id. Plaintiff's motion for preliminary injunctive relief is now before the Court.

## II.   PRELIMINARY INJUNCTION

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff has requested a court order directing prison officials at PVSP to act. However, the order requested by Plaintiff would not remedy any of the claims upon which this action proceeds. This action is proceeding against defendants for excessive force and retaliation, based on events occurring at Avenal State Prison in Avenal, California, before he filed this action in July 2009. Plaintiff now requests a court order protecting him from present and future actions. Because such

1  an order would not remedy any of the claims upon which this action proceeds, the Court lacks

2  jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

3  **III.     CONCLUSION AND RECOMMENDATIONS**

4         Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for

5  preliminary injunction and temporary restraining order, filed on September 1, 2011, be DENIED.

6         These findings and recommendations are submitted to the United States District Judge

7  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days

8  after being served with these findings and recommendations, the parties may file written objections

9  with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

10  and Recommendations."  The parties are advised that failure to file objections within the specified

11  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th

12  Cir. 1991).

13

14         IT IS SO ORDERED.

15   **Dated:   July 10, 2012**            _____ **/s/ Gary S. Austin** _____

16                                              UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28