IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN IVORY, | 1:09-cv-01272-AWI-GSA-PC |
| Plaintiff, | ORDER GRANTING MOTION TO MODIFY DISCOVERY/SCHEDULING ORDER |
| vs. | (Doc. 95.) |
| JAMES E. TILTON, et al., | ORDER EXTENDING DISPOSITIVE MOTIONS DEADLINE FOR ALL PARTIES TO THIS ACTION |
| Defendants. | **New Dispositive Motions Deadline:    08/10/2012** |

## I.   BACKGROUND

Plaintiff is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action now proceeds on the original Complaint filed by Plaintiff on July 20, 2009, against defendant Correctional Officer S. Meraz for use of excessive force in violation of the Eighth Amendment, and against defendant Correctional Captain M. V. Sexton for retaliation in violation of the First Amendment.[1]  (Doc. 1.)

///

---

[1] All other claims and defendants were dismissed from this action by the Court on August 23, 2010, based on Plaintiff's failure to state a claim.  (Doc. 30.)

1

On May 31, 2011, the Court issued a Discovery/Scheduling Order commencing discovery and establishing a deadline of April 9, 2012 for the parties to file pretrial dispositive motions. (Doc. 45.) On March 27, 2012, the Court issued an order extending the dispositive motions deadline to July 25, 2012. (Doc. 81.) On July 25, 2012, Defendants filed a motion for another extension of the dispositive motions deadline. (Doc. 95.)

## II.      MOTION TO MODIFY SCHEDULING ORDER

Modification of the Court's scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

Defendants request a sixteen-day extension of the dispositive motions deadline for all parties to this action. Defendants' counsel seeks additional time due to a heavy workload in which his involvement in numerous other matters has prevented the filing of a motion for summary judgment in this action. (Declaration of Jeffrey Steele, Doc. 95-1.)

The Court finds that Defendants have shown due diligence in attempting to meet the deadline for filing dispositive motions established by the Court's Discovery/Scheduling Order. Thus, good cause appearing, Defendants' motion to modify the Discovery/Scheduling Order shall be granted, and the dispositive motions deadline shall be extended for all parties to this action.

///

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the Court's Discovery/Scheduling Order is GRANTED; and
2. The deadline to file pretrial dispositive motions is extended from July 25, 2012 to **August 10, 2012** for all parties to this action.

IT IS SO ORDERED.

Dated:  **July 26, 2012**                         /s/ **Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE