# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN IVORY, | 1:09-cv-01272-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL PRODUCTION OF DOCUMENTS AND FOR SANCTIONS |
| v. | (Docs. 71, 85, 89.) |
| JAMES E. TILTON, et al., | ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS |
| Defendants. | ORDER CLOSING DISCOVERY |

**I.   BACKGROUND**

Plaintiff Norman Ivory ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action now proceeds with Plaintiff's original Complaint, filed on July 20, 2009, against defendant Correctional Officer ("C/O") S. Meraz ("Defendant") for use of excessive force in violation of the Eighth Amendment.[1] (Doc. 1.) On May 31, 2011, the Court issued a Discovery/Scheduling Order in this action, establishing a deadline of January 30, 2012, for the completion of discovery, including the filing of motions to compel. (Doc. 45.) On March 27, 2012, the Court granted Plaintiff's motion for extension of discovery, extending the discovery deadline to June 25, 2012. (Doc. 81.)

---

[1] On March 23, 2012, defendant Sexton was dismissed from this action, via defendant Sexton's motion to dismiss. (Doc. 79.)  All other claims and defendants were dismissed from this action by the Court on August 23, 2010, based on Plaintiff's failure to state a claim under §1983. (Doc. 30.)

1

On November 30, 2011, Plaintiff filed a motion to compel production of documents requested in Plaintiff's Request for Production of Documents, *Set One*, and for sanctions. (Doc. 71.) On December 19, 2011, Defendant filed an opposition. (Doc. 72.) On January 19, 2012, Plaintiff filed a reply to the opposition. (Doc. 73.)

On May 7, 2012, Plaintiff filed a motion to compel production of documents requested in Plaintiff's Request for Production of Documents, *Set Two*, and for sanctions. (Doc. 85.) On May 22, 2012, Defendant filed an opposition. (Doc. 87.)

On June 22, 2012, Plaintiff filed a motion to compel production of documents requested in Plaintiff's Request for Production of Documents, *Set Three*, and for sanctions. (Doc. 89.) On July 5, 2012, Defendant filed an opposition. (Doc. 92.) On July 26, 2012, Plaintiff filed a reply to the opposition. (Doc. 96.)

Plaintiff's three motions to compel and for sanctions are now before the Court.

**II.     PLAINTIFF'S ALLEGATIONS AGAINST DEFENDANT MERAZ**

The events at issue allegedly occurred at Avenal State Prison ("ASP") in Avenal, California, when Plaintiff was incarcerated there. On January 27, 2009, after Plaintiff complained that he did not receive a cup for his beverage, he was ordered to exit the chow hall. Plaintiff exited the chow hall in compliance with the order, and was then placed in mechanical restraints and a holding cage for an hour. When Plaintiff was released from the holding cage, he was ordered to return to his housing unit without breakfast. Upon arrival at his housing unit, Defendant C/O Meraz opened the door to release other inmates for work but refused to let Plaintiff in and slammed the door in Plaintiff's face. Plaintiff said, "[H]ey[,] it[']s cold out here," and Defendant Meraz burst through the door, charged Plaintiff, and struck Plaintiff in the chest hard enough to make Plaintiff's head hit the concrete wall, which caused Plaintiff to lose his breath in pain, become dizzy, and almost lose consciousness. (Complaint, Doc. 1 at 7 ¶16.) Defendant Meraz pointed his pepper spray canister at Plaintiff's face the whole time, and taunted him. Defendant Meraz then placed Plaintiff in mechanical restraints and told Plaintiff he was going to take care of him. Defendant Meraz filed a false report stating that Plaintiff threatened to assault him.

**III.    PLAINTIFF'S EIGHTH AMENDMENT EXCESSIVE FORCE CLAIM**

The Court found that Plaintiff states a cognizable claim for excessive force under the Eighth Amendment against Defendant Meraz. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

///

///

///

3

**IV.   MOTIONS TO COMPEL PRODUCTION OF DOCUMENTS AND FOR SANCTIONS**

    **A.   Federal Rules of Civil Procedure 26(b), 36(a), and 37**

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D.Nev., 1998) quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev. 1991). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 81 F.R.D. at 472. Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2). Also, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(E)(I).

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver

of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

**B.    Sanctions - Rule 37(a)(5)**

Under Rule 37(a)(5), if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A).

**C.    Plaintiff's First Motion -- Request for Production of Documents, *Set One***

On November 30, 2011, Plaintiff filed a motion to compel Defendant to produce documents in response to Request No. 10 of Plaintiff's Request for Production of Documents, Set One. (Doc. 71.) Plaintiff asserts that he served Set One on Defendant on June 23, 2011 and also contacted Defendant in October 2011 in a good faith effort to obtain the documents, without success. Plaintiff requests an award of sanctions in the amount of $200.00, for reasonable expenses in obtaining a court order, on the ground that Defendant's refusal to produce the documents had no substantial justification.

> **REQUEST FOR PRODUCTION (RFP) NO. 10, SET ONE:**
> Produce all documents from the Avenal State Prison Operational Procedure (O.P.) Manual, Governing "Institutional Religious Diet Programs" pursuant to the Department Operation Manual (D.O.M.) section 54080.14. Including but not limited to the Jewish Kosher Diet Program, for 9/2008 - 7/2009.
>
> **RESPONSE TO RFP NO. 10, SET ONE:**
> Responding Party objects to this request on the grounds that the documents sought are equally available to Plaintiff. In addition, Responding Party objects on the

5

grounds that the request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**Arguments**

Plaintiff does not address Defendant's objections except to state that they "had no substantial justification." (Motion to Compel, Doc. 71 at 2:22-24.)

Defendant argues that Plaintiff's motion should not be granted because he has not demonstrated the relevance of the documents. Defendant maintains that his objections that the documents are equally available to Plaintiff are valid, because Plaintiff has access to the documents requested in the ASP law library. (Declaration of J. Buck, Doc. 72-2 ¶2.) Defendant also requests an award of his reasonable expenses, including attorney's fees, incurred in opposing Plaintiff's motion.

Plaintiff contends that he is proceeding with claims against Defendants Meraz and Sexton, for excessive force and retaliation, and he argues that the Religious Diet Program manuals are relevant to his claims against Defendant Meraz because Meraz assaulted him in retaliation for Plaintiff filing complaints against officers for failing to follow the rules governing the Religious Diet Program, specifically the Jewish Kosher Diet Program.

**Discussion**

Defendant's objection on relevance grounds is sustained. Plaintiff has not shown how the documents he requests are relevant to his claims. Plaintiff is not proceeding with a retaliation claim. Plaintiff now proceeds with only one claim, for excessive force, against one defendant, Defendant Meraz, based on an incident occurring on January 24, 2005. Plaintiff has not shown how the prison's manuals addressing the Religious Diet Program or Jewish Kosher Diet Program are relevant to whether Defendant Meraz used excessive force against him on January 24, 2005.[2] The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery.

///

---

[2] Plaintiff is only entitled to obtain discovery relevant to his claims. Fed. R. Civ. P. 26(b). "Evidence is relevant if it has any tendency to make a fact more or less probable that it would be without the evidence, and the fact is of consequence in determining the action." Fed. R. Evid. 401.

6

1  See Hallett, 296 F.3d at 751.  Therefore, Defendant's objection is sustained, and Defendant is not
2  required to provide any further response to this request.
3        In light of this ruling, Plaintiff's request for sanctions shall be denied.  Defendant's request
4  for an award of Defendant's reasonable expenses shall be discussed below.

        **D.**        **Plaintiff's Second Motion -- Request for Production of Documents, *Set Two***

6        On May 7, 2012, Plaintiff filed a motion to compel Defendant to produce documents in
7  response to Requests Nos. 1 through 4 of Plaintiff's Request for Production of Documents, Set Two.
8  (Doc. 85.)  Plaintiff asserts that he served Set Two on Defendant on November 23, 2011.  Plaintiff
9  requests an award of sanctions in the amount of $200.00, on the grounds that Defendant's non-
10 disclosure was not substantially justified and Defendant is taking advantage of Plaintiff's
11 inexperience as a pro se litigant.

12 > **RFP NO. 1, SET TWO:**
13    Produce any documents from the CDCR Internal Affairs to Avenal State Prison (ASP)
14    concerning complaints by Plaintiff Ivory regarding mistreatment of Plaintiff Ivory by A.S.P.
15    Prison Guards.  Request is for the time period of September 2008 through July 2009.

16        **RESPONSE TO RFP NO. 1, SET TWO:**
17        Responding Party objects to this request for production of documents on the grounds
18        that it is vague and ambiguous as to the meaning of the word "mistreatment."  In
19        addition, Responding Party objects on the grounds that the request is overbroad, and
20        requests documents not reasonably calculated to lead to the discovery of admissible
21        evidence, because it is not limited to the subject matter of this lawsuit or the parties
22        involved in this lawsuit.  Without waiving these objections, Responding Party has no
23        documents in his possession, custody or control responsive to this request.

24 **Arguments**
25       Plaintiff argues, without explanation, that the documents requested are relevant and will lead
26 to discoverable information.  Plaintiff also asserts that Requests Nos. 1 through 4 would be satisfied
27 if Defendant admits the existence of such documents.  Plaintiff also argues that Requests Nos. 1
28 ///

7

through 4 are reasonable and cover a short period of time, so are not unduly burdensome, expensive, cumulative, or duplicative, and the documents are requested in good faith.

Defendant argues that Plaintiff's conclusory language does not meet Plaintiff's burden of establishing that the documents requested are relevant. Defendant also argues that Plaintiff has not argued or presented evidence that Defendant is in possession, custody, or control of documents responsive to this request. Defendant also argues that his objections – that the term "mistreatment" is vague and ambiguous, that Plaintiff's request is overbroad, and that the documents requested are not relevant except in narrow circumstances not argued by Plaintiff – have merit and should be sustained.

**Discussion**

Defendant's objections are sustained on the grounds that the term "mistreatment" is vague and ambiguous and Plaintiff's request is overbroad. As Defendant argues, "mistreatment" has multiple meanings and Plaintiff has not defined what he means by the term. Plaintiff's request for documents concerning "ASP prison guards" encompasses persons and information not relevant to Plaintiff's claim at issue.

To the extent that Plaintiff requests documentation of prison grievances and appeals he filed against Defendant Meraz, those documents are part of Plaintiff's central file. Plaintiff has access to his own files and can obtain these records himself if he does not already have them, by submitting a request in writing pursuant to prison procedures. Cal. Code Regs., tit. 15 § 3450.

Therefore, Defendant shall not be required to make any further response to this RFP.

> **RFP NO. 2, SET TWO:**

Produce any documents from the CDCR Inspector General to A.S.P. concerning complaints by Plaintiff Ivory regarding mistreatment of Plaintiff Ivory by A.S.P. Prison Guards. Request is for the time period of September 2008 through July 2009.

**RESPONSE TO RFP NO. 2, SET TWO:**

Responding Party objects to this request for production of documents on the grounds that it is vague and ambiguous as to the meaning of the word "mistreatment." In addition, Responding Party objects on the grounds that the request is overbroad and

requests documents not reasonably calculated to lead to the discovery of admissible evidence, because it is not limited to the subject matter of this lawsuit or the parties involved in this lawsuit. Without waiving these objections, Responding Party has no documents in his possession, custody or control responsive to this request.

**Arguments**

Plaintiff argues, without explanation, that the documents requested are relevant and will lead to discoverable information. Plaintiff also asserts that Requests Nos. 1 through 4 would be satisfied if Defendant admits the existence of such documents. Plaintiff also argues that Requests Nos. 1 through 4 are reasonable and cover a short period of time, so are not unduly burdensome, expensive, cumulative, or duplicative, and the documents are requested in good faith.

Defendant argues that Plaintiff's conclusory language does not meet Plaintiff's burden of establishing that the documents requested are relevant. Defendant also argues that Defendant's objections – that the term "mistreatment" is vague and ambiguous, that Plaintiff's request is overbroad, and that the documents requested are not relevant except in narrow circumstances not argued by Plaintiff – have merit and should be sustained. Defendant also argues that he is not in "control" of documents obtainable only with the permission of another, and that Plaintiff has not argued or presented evidence that Defendant has possession, custody, or control of such documents, which is Plaintiff's burden.

**Discussion**

Defendant's objections are sustained on the grounds that the term "mistreatment" is vague and ambiguous and Plaintiff's request is overbroad. As Defendant argues, "mistreatment" has multiple meanings and Plaintiff has not defined what he means by the term. Plaintiff's request for documents concerning "ASP prison guards" encompasses persons and information not relevant to Plaintiff's claim at issue.

Moreover, Defendant's argument that he is not in "control" of the requested documents has merit. Defendant relies on Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 470 (D.Nev.1998), in which the moving party sought production of the responding party's medical records, which were in the custody of her physician. The issue in that case centered on the responding party's legal right to

9

obtain documents, which the court found depended heavily on "[t]he relationship between the party and the person or entity having actual possession of the document ...." Clark,181 F.R.D. at 470. The court determined that in order to be compelled to respond, the non-moving party must "have exclusive control of the documents," as by having the ability "to command release of the documents by the person or entity in actual possession," which "usually is the result of statute, affiliation or employment." Id. Applying this standard, the court declined to force the non-moving party to sign a medical release, which was necessary for her to obtain documents responsive to the request. Id. Here, Plaintiff requests documents in possession of ASP. Rule 34 "requir[es] a party to produce relevant records not in its physical possession when the records can be *obtained easily* from a third-party source." Ice Corp. v. Hamilton Sundstrant Corp., 245 F.R.D. 513, 517 (D.Kan. 2007) (emphasis in original). Thus, a party who does not have actual possession of documents will be required to produce them if the party "has the *practical ability* to obtain the documents from another, irrespective of legal entitlements to the documents." Id. (emphasis in original). It appears evident that a correctional officer such as Defendant Meraz cannot easily obtain copies of communications between the CDCR Inspector General's Office and ASP, and Plaintiff has not argued otherwise. Defendant cannot be compelled to produce documents that are not within his possession, custody, or control. However, Plaintiff is advised that if such documents are part of his central file, Plaintiff has access to his own files and can obtain these records himself if he does not already have them, by submitting a request in writing pursuant to prison procedures. Cal. Code Regs., tit. 15 § 3450.

Defendant shall not be required to produce any documents in response to this request.

> **RFP NO. 3, SET TWO:**

Produce any documents from the California Attorney Generals [*sic*] Office to A.S.P. concerning complaints by Plaintiff Ivory regarding mistreatment of Plaintiff Ivory by A.S.P. Prison Guards. Request is for documents generated during the time period of November 2008 through July 2009.

**RESPONSE TO RFP NO. 3, SET TWO:**

Responding Party objects to this request for production of documents on the grounds that it calls for the production of documents covered by the attorney-client privilege.

1  Without waiving this objection, Responding Party has no documents in his possession, custody, or control responsive to this request other than privileged correspondence between himself and his attorney.

**Arguments**

Plaintiff argues, without explanation, that the documents requested are relevant and will lead to discoverable information. Plaintiff also asserts that Requests Nos. 1 through 4 would be satisfied if Defendant admits the existence of such documents. Plaintiff also argues that Requests Nos. 1 through 4 are reasonable and cover a short period of time, so as not to be unduly burdensome, expensive, cumulative, or duplicative, and the documents are requested in good faith.

**Discussion**

Under Rule 26, Plaintiff may not obtain discovery regarding privileged matters. Fed. R. Civ. P. 26(b)(1). Defendant asserts that the only documents in his possession, custody, or control that are responsive to Plaintiff's request are privileged correspondence between himself and his attorney. Therefore, Plaintiff is not entitled to the available documents, and Defendant shall not be required to make any further response to this RFP.

> **RFP NO. 4, SET TWO:**

Produce any documents from the U.S. Department of Justice Civil Rights/Disabilities to A.S.P. concerning complaints by Plaintiff Ivory regarding mistreatment of Plaintiff Ivory by A.S.P. Prison Guards. Request is for the time period of September 2008 through July 2009.

**RESPONSE TO RFP NO. 4, SET TWO:**

Responding Party objects to this request for production of documents on the grounds that it is vague and ambiguous as to the meaning of the word "mistreatment." In addition, Responding Party objects on the grounds that the request is overbroad and requests documents not reasonably calculated to lead to the discovery of admissible evidence, because it is not limited to the subject matter of this lawsuit or the parties involved in this lawsuit. Without waiving these objections, Responding Party has no documents in his possession, custody or control responsive to this request.

///

**Arguments**

Plaintiff argues, without explanation, that the documents requested are relevant and will lead to discoverable information. Plaintiff also asserts that Requests Nos. 1 through 4 would be satisfied if Defendant admits the existence of such documents. Plaintiff also argues that Requests Nos. 1 through 4 are reasonable and cover a short period of time, so as not to be unduly burdensome, expensive, cumulative, or duplicative, and the documents are requested in good faith.

Defendant argues that Plaintiff's conclusory language does not meet Plaintiff's burden of establishing that the documents requested are relevant. Defendant also argues that Defendant's objections – that the term "mistreatment" is vague and ambiguous, that Plaintiff's request is overbroad, and that the documents requested are not relevant except in narrow circumstances not argued by Plaintiff – have merit and should be sustained. Defendant also argues that this request is broad enough to encompass correspondence between himself and his attorney regarding this case, as well as attorney-client communications in any other lawsuit filed by Plaintiff against correctional officers. Further, Defendant argues that he is not in "control" of documents obtainable only with the permission of another, and that Plaintiff has not argued or presented evidence that Defendant has possession, custody, or control of such documents, which is Plaintiff's burden.

**Discussion**

Defendant's objections are sustained on the grounds that the term "mistreatment" is vague and ambiguous and Plaintiff's request is overbroad. As Defendant argues, "mistreatment" has multiple meanings and Plaintiff has not defined what he means by the term.

Moreover, Defendant claims that no documents responsive to this request are in his possession, custody, or control, and Plaintiff has not argued or submitted any evidence in opposition. Defendant is not required to produce documents that are not in his possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

Therefore, Defendant shall not be required to make any further response to this RFP.

**E.    Plaintiff's Third Motion -- Request for Production of Documents, *Set Three***

On June 22, 2012, Plaintiff filed a motion to compel Defendant to produce documents in response to Requests Nos. 1 through 9 of Plaintiff's Request for Production of Documents, Set Three.

(Doc. 89.) Plaintiff asserts that he served Set Three on Defendant on April 28, 2012 but has not received the documents. Plaintiff requests an award of sanctions in the amount of $200.00 as reasonable expenses in obtaining the Court's order, on the grounds that Defendant's refusal to produce the documents had no substantial justification and is "Simply in Bad Faith." (Motion to Compel, Doc. 89 at 2:18.)

Defendant argues that Plaintiff's motion should be denied because Plaintiff has not identified the discovery requests to which he seeks further responses, or shown why Defendant's responses are inadequate. Defendant asserts that it is impossible to tell whether Plaintiff objects to Defendant's responses or to the actual document production, since Defendant made varied responses to the requests, sometimes producing documents and sometimes referring Plaintiff to documents previously produced. Defendant asserts that it is not even clear whether Plaintiff received Defendant's responses.

In his reply, Plaintiff asserts that as of June 18, 2012, he had not received Defendant's responses to his RFP, Set Three, which Plaintiff contends were due on June 12, 2012. Plaintiff then proceeds to make arguments against Defendant's responses to Plaintiff's RFP No. 1, Set Three, as well as some Requests from Sets One and Two.

**Discussion**

It is apparent after reviewing Plaintiff's motion, Defendant's opposition, and Plaintiff's subsequent reply, that Plaintiff had not received Defendant's responses to his RFP, Set Three, at the time he filed the motion to compel. Plaintiff's motion was dated June 17, 2012, and Defendant's responses were served on June 14, 2012. (Motion, Doc. 89 at 2; Declaration of Jeffrey Steele, Doc. 92-1 at 9.)[3] Under those facts, it is likely that the documents crossed in the mail. Plaintiff sought, in his motion, to compel Defendant to send initial responses to his RFP, Set Three. However, Plaintiff failed to clearly explain the basis of his motion, and Defendant was left to guess why Plaintiff found his responses inadequate. Defendant cannot be expected to defend against a motion

///

---

[3] The Court uses the pagination reflected on the Court's docket.

to compel responses without even enough information to conclude that Plaintiff received his responses.

The Court shall not consider Plaintiff's reply filed on July 26, 2012. (Doc. 96.) First, the reply was untimely under Local Rule 230(l).[3] Second, Plaintiff attempts to bring new arguments in the reply that were not brought in his motion. It is improper for a party to raise a new argument in a reply brief. See, e.g., United States v. Bohn, 956 F.2d 208, 209 (9th Cir.1992) (noting that courts generally decline to consider arguments raised for the first time in a reply brief); also see Lane v. Dept. of Interior, 523 F.3d 1128, 1140 (9th Cir. 2008) (a district court can, in its discretion, decline to consider arguments raised for the first time in a reply brief).

Accordingly, Plaintiff's motion shall be denied, and Defendant is not required to make any further responses to Plaintiff's RFP, Set Three. In light of this ruling, Plaintiff's motion for sanctions shall also be denied.

## V.    DEFENDANT'S MOTION FOR SANCTIONS

Defendant seeks the imposition of sanctions upon Plaintiff, based on the denial of Plaintiff's motions to compel. Rule 37(a) provides that if a motion to compel is denied, "the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

The Court declines to impose sanctions. In the Ninth Circuit, sanctions are appropriate only in "extreme circumstances" and where the violation is "due to willfulness, bad faith, or fault of the

---

[3] Rule 230(l) provides that: "The moving party may, not more than seven (7) days after the opposition is served, serve and file a reply to the opposition." Plaintiff's reply was filed on July 26, 2012, twenty-one (21) days after Defendant's opposition was served on July 5, 2012. Even to the extent the mailbox rule applies to the filing of replies, Plaintiff's reply, dated July 19, 2012, was untimely. The Supreme Court held that under the mailbox rule, a pro se prisoner filed his notice of appeal "at the time [he] delivered it to the prison authorities for forwarding to the court clerk." Houston v. Lack, 487 U.S. 266 (1988). Even if Plaintiff's reply is considered filed on July 19, 2012, it was filed fourteen (14) days after the opposition was served. Therefore, Plaintiff's reply is untimely and shall not be considered by the Court.

party." Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002.) (quoting United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir.1988) (citations omitted)).  Here, the Court finds no willfulness, bad faith, or fault on Plaintiff's part sufficiently grievous to justify an award of expenses.

## VI. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel further responses to Plaintiff's Request for Production of Documents Set One, and for sanctions, filed on November 30, 2011, is DENIED;

2. Plaintiff's motion to compel further responses to Plaintiff's Request for Production of Documents Set Two, and for sanctions, filed on May 17, 2012, is DENIED;

3. Plaintiff's motion to compel further responses to Plaintiff's Request for Production of Documents Set Three, and for sanctions, filed on June 22, 2012, is DENIED;

4. Defendant's motion for sanctions is DENIED; and

5. Discovery is now closed in this action.


IT IS SO ORDERED.

Dated:   **September 6, 2012**              /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE