IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN IVORY, | 1:09-cv-01272-AWI-GSA (PC) |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| JAMES E. TILTON, et al., | ( #118) |
| Defendants. | |

On March 15, 2013, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. While the court has recommended that Defendants' motion for summary judgment be denied, this is not an indication that Plaintiff is likely to succeed on the merits. Plaintiff informs the court that he has mental and hearing impairments. A review of the record in this case shows that plaintiff is responsive, adequately communicates, and is able to articulate his claims. The court notes that Plaintiff has filed another case pro se and appears able to navigate the federal court system. With respect to Plaintiff's hearing loss, Plaintiff has submitted evidence that he uses hearing aids. (Doc. 118 at 5.) Moreover, the legal issue in this case – whether defendant Meraz used excessive force against plaintiff – is not complex, and this court is faced with similar cases almost daily.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

**Dated:   March 21, 2013**             /s/ Gary S. Austin
                                                       UNITED STATES MAGISTRATE JUDGE