UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN IVORY,<br><br>    Plaintiff,<br><br>    vs.<br><br>CORRECTIONAL OFFICER S. MERAZ,<br><br>    Defendant. | 1:09-cv-01272-AWI-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE<br>(Doc. 131.) |

**I.   BACKGROUND**

Plaintiff Norman Ivory ("Plaintiff), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 20, 2009. This action for damages is proceeding against Defendant Correctional Officer S. Meraz ("Defendant"), for use of excessive force. Jury trial has been scheduled in this action for October 22, 2013, at 8:30 a.m., before District Judge Anthony W. Ishii.

On June 17, 2013, Plaintiff filed a motion requesting the court to void Defendant's notice declining Magistrate Judge jurisdiction in this action. (Doc. 131.) The court construes Plaintiff's motion as a motion to strike.

**II.   PLAINTIFF'S MOTION TO STRIKE**

Plaintiff argues that Defendant's notice should be stricken from the record because it was filed after the thirty-day deadline established by the court's Second Scheduling Order

entered on May 2, 2013. Further, Plaintiff argues that he is prejudiced by the late filing because Plaintiff filed a timely notice consenting to Magistrate Judge jurisdiction. Plaintiff then requests reassignment of this action to the District Judge.

**Discussion**

The court finds no good cause to strike Defendant's notice of June 4, 2013 merely because it was filed one day late.[1] Under Rule 6 of the Federal Rules of Civil Procedure, the court may allow a late filing for good cause. Fed. R. Civ. P. 6(b)(1)(A). The court finds no evidence that Plaintiff is somehow prejudiced by the filing of Defendant's notice. In fact, the result is the same whether the June 4, 2013 notice is on or off the court's record, because Defendant previously declined Magistrate Judge jurisdiction on June 2, 2011. (Doc. 47.) Plaintiff is advised that because Defendant has declined Magistrate Judge jurisdiction, the case will remain assigned to a District Judge unless both parties consent to the jurisdiction of a Magistrate Judge. 28 U.S.C. § 636(c). Plaintiff's request for reassignment of this action to the District Judge is moot because the case is already assigned to the District Judge.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to strike is DENIED.

IT IS SO ORDERED.

Dated:   **June 26, 2013**                              **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE

---

[1] The court's Second Scheduling Order, which was served on May 2, 2013, required the parties to submit a consent/decline form within thirty days of the date of service of the order. (Doc. 125.) Thus, the thirty-day deadline expired on Monday, June 3, 2013. Fed. R. Civ. P. 6(a)(1),(d).