UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN IVORY,<br><br>       Plaintiff,<br><br>  vs.<br><br>CORRECTIONAL OFFICER S. MERAZ,<br><br>       Defendant. | 1:09-cv-01272-AWI-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES, WITHOUT PREJUDICE TO RENEWAL OF THE MOTION WITHIN TWENTY DAYS<br>(Doc. 130.)<br><br>TWENTY DAY DEADLINE TO RENEW MOTION |

**I.    BACKGROUND**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Norman Ivory ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, against sole defendant Correctional Officer S. Meraz ("Defendant"), for use of excessive force against Plaintiff in violation of the Eighth Amendment.  The incident at issue allegedly occurred on January 27, 2009 at Avenal State Prison (ASP), when Plaintiff was incarcerated there.  Plaintiff is presently incarcerated at High Desert State Prison.  This case is scheduled for jury trial to commence on October 22, 2013 before District Judge Lawrence J. O'Neill.  A telephonic trial confirmation hearing is scheduled for September 6, 2013 before District Judge Lawrence J. O'Neill.

On June 17, 2013, Plaintiff filed a motion for the attendance of incarcerated witnesses at trial.  (Doc. 130.)  On July 15, 2013, Defendants filed an opposition.  (Doc. 136.)  Plaintiff did not file a reply to the opposition.

## II. MOTION FOR ATTENDANCE OF INMATE WITNESS

In the Court's Second Scheduling Order issued on May 2, 2013, Plaintiff was advised that before the Court will issue an order to transport an incarcerated witness to trial, Plaintiff must file a motion stating the name, address, and prison identification number of each such witness, and submit a declaration showing that the witness is willing to testify and has actual knowledge of relevant facts. (Doc. 125 at 2-3 ¶1.)

The Court's Order informed Plaintiff that "[t]he willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed." (Id. at 3:5-11.)

Plaintiff was also informed that "[t]he prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (e.g., if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye or ear witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred." (Id. at 3:12-22.)

### A. Plaintiff's Motion

Plaintiff requests the attendance at trial of two inmate witnesses, Paul Revels and Dosie M. Berry. With respect to Paul Revels ("Revels"), Plaintiff declares that Revels was a prisoner

at ASP on January 27, 2009, housed with Plaintiff in Housing Unit 650, and was standing outside with Plaintiff on the morning of January 27, 2009. (Ivory Declaration, Doc. 130 at 2.) Plaintiff declares that Revels witnessed defendant Meraz bursting through the door and charging at Ivory, after which Meraz physically attacked Plaintiff and then challenged Plaintiff to fight him back. (Id.) Plaintiff declares that Revels told him on January 27, 2009, that he would be willing to testify on Plaintiff's behalf. (Id.) Plaintiff also declares that he has been separated from this prospective witness and does not know Revels' exact whereabouts, although he believes that Revels is in custody of the CDCR or housed at the Los Angeles Twin Towers Correctional Facility/L.A. County Jail. (Id. at 3.) Plaintiff does not provide Revels' CDC identification number.

With respect to Dosie M. Berry ("Berry"), Plaintiff declares that Berry witnessed ASP staff threatening to harm Plaintiff in connection with Plaintiff filing prison appeals against custody staff. (Ivory Declaration, Doc. 130 at 2.) Plaintiff declares that Berry also witnessed ASP staff stating that Defendant Meraz attacked Plaintiff because Plaintiff had filed an administrative appeal against Meraz. (Id.) Plaintiff declares that Berry informed Plaintiff on July 13, 2011 that he would be willing to testify on Plaintiff's behalf. (Id.) Plaintiff also declares that he has been separated from this prospective witness and does not know Berry's exact whereabouts, although he believes that Berry is in custody of the CDCR or housed at the Los Angeles Twin Towers Correctional Facility/L.A. County Jail. (Id. at 3.) Plaintiff identifies Berry's CDCR ID# as F25462. (Id. at 1.)

### B. Defendant's Opposition

Defendant argues that the court should not grant Plaintiff's motion based on Plaintiff's declaration. Defendant presents evidence that inmates Paul Revels (J-63436) and Dosie M. Berry (F-25462) were both incarcerated at ASP on January 27, 2009. (Declaration of L. Martinez, Doc.136-1 ¶4.) However, neither of the two inmates is currently in the custody of the CDCR. (Id. ¶5.) Defendant also presents evidence that there is another inmate named Paul Revels, with a different CDCR number and date of birth than the inmate listed above, who is currently in CDCR custody but was not at ASP in January 2009. (Id, at ¶6.)

1    With respect to prospective witness Barry, Defendant argues that Plaintiff has not
2 shown that Berry witnessed the alleged attack on January 27, 2009, that will be the basis of the
3 trial, and the sole source of Berry's knowledge is alleged hearsay statements of staff.

### C.   Discussion

Plaintiff has not fully complied with the requirements of the Second Scheduling Order. With respect to prospective witness Paul Revels, Plaintiff has not provided Revels' prison identification number or address, and Plaintiff admits he does not know where Revels currently resides. Without this information, the court cannot positively identify and locate Revels for transportation to trial. Defendant's evidence that Paul Revels (J-63436) is not in CDCR custody creates doubt that Plaintiff's prospective witness is an incarcerated inmate eligible for court transportation. Further, Defendant's evidence that there is another inmate named Paul Revels whose identification information does not match that of Paul Revels (J-63436), and who was not at ASP in January 2009, adds to the confusion. While Plaintiff has sufficiently declared that Paul Revels was a witness to the incident at issue in this case, and that Revels is willing to testify at trial, the court is unable to grant Plaintiff's motion for Revels' attendance without knowing whether the Paul Revels known by Plaintiff is incarcerated and, if so, Revels' prison identification number.

With respect to Dosie Barry, Plaintiff has not sufficiently identified this prospective witness. Although Plaintiff has provided Barry's prison identification number, he has not provided a current address, and Plaintiff admits he does not know where Barry currently resides. Without this information, the court cannot positively identify and locate Barry for transportation to trial. Defendant's evidence that Dosie Barry (F-25462) is not in CDCR custody creates doubt that Plaintiff's prospective witness is an incarcerated inmate eligible for court transportation. Moreover, Plaintiff has not shown that Barry has personal knowledge of relevant information. Plaintiff declares that Barry witnessed ASP staff threatening to harm Plaintiff in connection with Plaintiff filing prison appeals against custody staff. (Ivory Declaration, Doc. 130 at 2.) Whether Plaintiff was threatened by ASP staff in connection with filing prison appeals is not relevant to the case at hand. This case proceeds only on Plaintiff's

claim against defendant Meraz for use of excessive force.  Plaintiff also declares that Berry witnessed ASP staff stating that Defendant Meraz attacked Plaintiff because Plaintiff had filed an administrative appeal against Meraz.  (Id.)  While it is relevant whether and why Meraz attacked Plaintiff, Plaintiff has not shown that Barry was an eyewitness or ear-witness to the attack by Meraz, or that Barry had firsthand knowledge about Meraz's motives.  Plaintiff merely shows that Barry was told about the attack by a third party.  Such testimony by Barry would be hearsay, because Barry would not be reporting personal knowledge -- Barry would be reporting about someone else's alleged knowledge.  Thus, Plaintiff has not shown that Barry has actual knowledge of relevant facts.

Based on the foregoing, the court finds that Plaintiff has not submitted a motion which complies with the requirements of the Second Scheduling Order.  The court will not issue an order to transport any of Plaintiff's prospective witnesses to trial unless it is satisfied that the prospective witnesses are positively identified and incarcerated, have actual knowledge of relevant facts, and are willing to testify at trial.  Therefore, Plaintiff's motion for the attendance of an incarcerated witness shall be denied.  Plaintiff shall be granted leave to renew the motion providing the required information, if he so wishes.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the attendance of inmate witnesses at trial, filed on June 17, 2013, is DENIED, without prejudice to renewal of the motion within twenty days of the date of service of this order, as instructed by this order.

IT IS SO ORDERED.

Dated:   **August 8, 2013**                    **/s/ Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE