UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN IVORY,<br><br>   Plaintiff,<br><br>   vs.<br><br>CORRECTIONAL OFFICER S. MERAZ,<br><br>   Defendant. | 1:09-cv-01272-AWI-GSA-PC<br><br>ORDER ADDRESSING PLAINTIFF'S OBJECTIONS TO PRETRIAL ORDER (Doc. 146; also resolves Doc. 142.)<br><br>ORDER DENYING REQUEST FOR EXTENSION OF DEADLINE FOR PARTIES TO CONFER ABOUT EXHIBITS<br><br>ORDER GRANTING REQUEST TO BE EXCUSED FROM SUBMITTING COMPUTER DISK<br><br>ORDER THAT PLAINTIFF'S OBJECTION TO DEFENDANT'S WITNESSES' TESTIMONY SHALL BE CONSIDERED AS A MOTION IN LIMINE<br><br>ORDER DENYING REQUEST FOR RECONSIDERATION OF ORDER DENYING LEAVE TO CONDUCT FURTHER DISCOVERY<br><br>DEADLINE FOR DEFENDANT TO FILE OPPOSITION TO MOTION IN LIMINE – <u>OCTOBER 9, 2013</u> |

**I.   BACKGROUND**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Norman Ivory ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, against sole defendant

Correctional Officer S. Meraz ("Defendant"), for use of excessive force against Plaintiff in violation of the Eighth Amendment. This case is scheduled for jury trial to commence on October 22, 2013 at 8:30 a.m. before District Judge Anthony W. Ishii. A telephonic trial confirmation hearing is scheduled for September 9, 2013 at 3:00 p.m. before District Judge Anthony W. Ishii.

On August 15, 2013, the court issued a Pretrial Order setting out pretrial deadlines and instructing the parties about trial procedures. (Doc. 141.) On August 29, 2013, Plaintiff filed timely Objections to [the] Pretrial Order.[1] (Doc. 146.)

## II. PLAINTIFF'S OBJECTIONS TO PRETRIAL ORDER

### A. Request for Extension of Deadline to Confer About Exhibits

Plaintiff requests an extension of the September 17, 2013 deadline for the parties to confer about trial exhibits, because he expects to be released from prison on September 14, 2013 and will have no established residence or resources at that time.

Plaintiff has not shown good cause for the court to extend the deadline, and his request shall be denied. The Pretrial Order does not require the parties to confer on or near September 17, 2013. In light of Plaintiff's expected limitations upon his release, the parties should confer within the next two weeks, before Plaintiff's release date.

### B. Request to be Excused from Requirement to Submit Jury Instructions on Computer Disc

Plaintiff requests to be excused from the requirement to submit proposed jury instructions "on a 3-1/2 inch computer disc, preferably formatted for Word," because Plaintiff is computer illiterate. (Doc. 141 at 21 ¶F.) Good cause appearing, Plaintiff shall be granted leave to submit his proposed jury instructions in paper form, without any requirement to submit a computer disc.

---

[1] On August 21, 2013, Plaintiff filed a motion for extension of time to file objections to Defendant's witness list in the Pretrial Order. (Doc. 142.) Plaintiff's motion is moot because Plaintiff's objections were timely filed under the mailbox rule of Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379 (1988), by which a pro se prisoner's court filing is deemed filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).

### C.     Objection to Trial Testimony by Defendant's Witnesses

Plaintiff objects to any trial testimony by ten of Defendant's expected witnesses listed in the Pretrial Order, Doc. 141 at 10, because none of them were eyewitnesses to the incident at issue in this case, and their testimony would be inadmissible hearsay. Plaintiff's request shall be considered as a motion in limine, to be heard and decided on the morning of trial at 8:30 a.m. Any opposition by Defendant must be served on Plaintiff and filed with the court by October 9, 2013, pursuant to the Pretrial Order.

### D.     Request for Reconsideration of Order Denying Further Discovery

Plaintiff requests reconsideration of the court's order denying him leave to conduct further discovery. (Doc. 141 at 13-14.) The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j).

Plaintiff provides evidence that on September 14, 2011, he submitted a timely Request for Subpoena to the court, which was returned to him, without filing, by the Clerk. (Doc. 146 at 6-13.) In the Request, Plaintiff sought to issue a subpoena compelling the Los Angeles County Jail to produce medical records of his treatment for a back injury in 2010. Now, nearly two years later, Plaintiff requests the court to reopen discovery so that he can pursue issuance of the subpoena. Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision denying Plaintiff's request to conduct further discovery on the eve of trial. Therefore, Plaintiff's request for reconsideration shall be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for an extension of the deadline for the parties to confer about trial exhibits is DENIED;

2. Plaintiff's request to be excused from the requirement to submit proposed jury instructions on a computer disc is GRANTED, and Plaintiff shall submit his proposed jury instructions in paper form, without any requirement to submit a computer disc;

3. Plaintiff's objection to trial testimony by Defendant's witnesses shall be considered as a motion in limine on the morning of trial, and Defendant's opposition, if any, must be served on Plaintiff and filed with the court by October 9, 2013; and

4. Plaintiff's request for reconsideration of the court's order denying him leave to conduct further discovery is DENIED.

IT IS SO ORDERED.

Dated:   September 6, 2013                           /s/ signature

SENIOR DISTRICT JUDGE